IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ANTHONY SMITH
    Petitioner,
v.

UNITED STATES OF AMERICA
    Respondent.

\*
\*   CIVIL ACTION NO. PWG-13-3354
    CRIMINAL NO. PWG-98-252
\*

\*\*\*

MEMORANDUM

On November 18, 1999, Michael Anthony Smith ("Smith") was sentenced to a 420-month term as to his conviction on one count of possession with intent to distribute cocaine and one count of using and carrying a firearm during a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Judgment was entered on November 22, 1999. *See United States v. Smith*, Criminal No. PWG-98-252 at ECF No. 33. On August 7, 2000, the United States Court of Appeals for the Fourth Circuit affirmed the criminal judgment. *See United States v. Smith*, 229 F.3d 1145 (4th Cir. 2000).

On December 28, 2000, Smith filed his first motion to vacate under 28 U.S.C. § 2255. *See United States v. Smith*, Criminal No. PWG-98-252 (D. Md.) at ECF No. 44. The motion was fully briefed and dismissed on the merits by the court on June 20, 2001. *Id.* at ECF Nos. 49 & 50. The Fourth Circuit denied the certificate of appealability and dismissed the appeal on December 10, 2001. *Id.* at ECF No. 57; *see also United States v. Smith*, 22 Fed. Appx. 261 (4th Cir. 2001).

On November 12, 2013, Smith filed a motion pursuant to the "savings clause" of 28 U.S.C. §2255(e).[1] *See United States v. Smith*, Criminal No. PWG-98-252 (D. Md.) at ECF No. 62. He

---

[1] 28 U.S.C. § 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

seeks relief in light of the June 17, 2013 U.S. Supreme Court opinion in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013).[2]

Smith's argues that he is entitled to relief under 28 U.S.C. § 2255(e) on the assumption that the *Alleyne* Court made its decision retroactive to cases on collateral review. His argument fails in a number of respects.

First, courts that have examined the effect of *Alleyne* have concluded that it is not retroactively applicable to matters raised on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (finding that "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and that the Justices have decided that other rules based on *Apprendi* do not apply retroactively to cases on collateral review." (internal citations omitted)). *See also United States v. Redd*, --- F.3d ---, 2013 WL 5911428, at *2-3 (3d Cir. November 5, 2013) (Supreme Court did not make *Alleyne* holding retroactive to cases on collateral review); *In re Payne*, --- F.3d ---, 2013 WL 5200425, at * 1-2 (10th Cir. September 17, 2013) (in agreement with Seventh Circuit, finding that *Alleyne* sets forth new rule of constitutional law that does not apply retroactively on collateral review); *In re Kemper*, --- F.3d ---, 2013 WL 5969009, at *1 (5th Cir. September 6, 2013) (*Alleyne* does not retroactively apply to challenges to sentence on collateral review).

As noted, Smith filed a previous § 2255 motion which was dismissed on the merits by this court. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part,

---

[2] In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2155. The case was decided on direct appeal and there is no indication in the opinion that the Supreme Court intended its holding to apply retroactively to cases on collateral review. The Fourth Circuit has not yet spoken on the issue. The undersigned will assume *arguendo* that the rule announced in *Alleyne* recognized a new right, and that Smith seeks to assert that right in his latest § 2255 motion.

that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See 28 U.S.C. § 2255(h).

Smith has provided no evidence that he has secured this necessary authorization from the Fourth Circuit; therefore this court is without jurisdiction to consider the merits of a successive motion under § 2255. See In re Vial, 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc). A "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. See 28 U.S.C. §§ 2255, 2244(b)(3)(A). The Fourth Circuit first must enter an order authorizing this court to consider the successive filing before this court can examine the merit of his claims. See § 2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651, 664 (1996).

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are inclusive. The Clerk shall provide a packet of instructions promulgated by the Fourth Circuit that addresses the procedure to be followed should Smith wish to seek authorization in the appellate court to file a successive § 2255 petition. It is to be emphasized that Smith must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

Nor may Smith may rely on the savings clause provision of § 2255(e). Merely because this court has previously denied him relief, does not render the 2255 remedy inadequate. Section 2255 will not be viewed as inadequate or ineffective merely because § 2255 has already been denied, or because a petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed. See *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Indeed, it appears, that the Fourth Circuit has not recognized an entitlement to habeas corpus relief when an inmate challenges his sentence contending that the remedy under § 2255 is inadequate or ineffective. See *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [§ 2255(e)] savings clause to those petitioner's challenging only their sentences. See *In re Jones*, 226 F.3d 228, 333–34 (4th Cir. 2000) (outlining the circumstances in which "§ 2255 is inadequate or ineffective to test the legality of a *conviction*") (emphasis added).) "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." *Boynes v. Berkebile*, 2012 WL 1569563 at *6 (S.D. W.Va.). The fact that relief under § 2255 is barred procedurally or under the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *see also In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (that a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadaqute or ineffective remedy). Otherwise, the rule prohibiting second and successive § 2255 motion, 28 U.S.C. § 2255(h), would be rendered meaningless. A separate order follows dismissing this motion and closing the civil case.

Date: November 26, 2013

Paul W. Grimm
United States District Judge

4