IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

                               :

    v.                              :   CRIMINAL No. DKC 98-252

                               :

MICHAEL ANTHONY SMITH

                               :

**MEMORANDUM OPINION**

Michael Anthony Smith, Petitioner, seeks a reduced sentence pursuant to Section 404 of the First Step Act. Mr. Smith was initially sentenced by Judge Alexander Williams, Jr. in 1999, after a jury trial, to a total of 420 months imprisonment, consisting of 360 months on counts one (possession with intent to distribute cocaine base, career offender) and three (felon in possession of a firearm, armed career criminal), and a consecutive sentence of 60 months on count two (use and carrying of a firearm in connection with a drug trafficking crime). He was also sentenced to supervised release of ten years on count one, with shorter concurrent terms on the other counts. He now seeks a sentence of 289 months, consisting of 229 months on counts one and three, with the consecutive 60 months on count two. (He also seeks a reduced term of supervised release to 8 years.) With this reduction, he believes he would be eligible for immediate release. The Government opposes the motion, and urges the court not to reduce the sentence.

The First Step Act of 2018, Pub.L.No. 115-391, § 404, 132 Stat. 5194, 5222, provides that a person sentenced for a "covered offense" committed before August 3, 2010, may be resentenced to a reduced term "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A "covered offense" means a federal criminal violation for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act.

The Government agrees that Petitioner is eligible for relief under the First Step Act because the statutory penalty for count one was modified by the Fair Sentencing Act. *United States v. Wirsing*, 943 F.3d 175, 178 (4th Cir. 2019), *as amended* (Nov. 21, 2019). Petitioner was also sentenced on count three to a concurrent term of 360 months for being a felon in possession and an armed career criminal. Sometimes the concurrent sentence doctrine authorizes a court to decline to review one sentence when another concurrent sentence is of the same or longer duration. *United States v. Charles*, 932 F.3d 153, 155 (4th Cir. 2019)(finding that district court properly applied doctrine to decline to review firearm sentence at a time when drug trafficking sentence was unquestionably valid. The case was remanded, however, to allow the district court to consider the impact of the First Step Act.) The Government in this case, in response to a question posed by the court, explicitly declines to rely on the concurrent sentence

doctrine to limit review in this case. The Defense asserts that the "sentencing package doctrine" permits resentencing on count three as well as count one. While not agreeing with the Defense argument, the court will nevertheless consider reduction on count three in light of the government's agreement.[1]

The First Step Act applies to those defendants who were sentenced before the Fair Sentencing Act took place. It provides that a sentencing court may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. Mr. Smith's offenses were committed June 3, 1998, well before the enactment of the Fair Sentencing Act, and also before other changes in sentencing jurisprudence such as *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). But the only changes that the court is authorized to apply are those in Sections 2 and 3 of the Fair Sentencing Act.

> In a section labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base to 280 grams for the ten-year mandatory minimum and to 28 grams for the

---

[1] Mr. Smith also has a motion to vacate pursuant to 28 U.S.C. § 2255 pending. (ECF No. 67). That motion challenges both the career offender determination for the drug conviction and the armed career criminal finding for firearm conviction, relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015). The parties asked the court to stay consideration of that motion pending resolution of a case by the Fourth Circuit on the timeliness of a petition challenging a mandatory guideline sentence. (ECF No. 83). In their stay request, the parties agree that he is no longer an armed career criminal. If so, any sentence over 120 months on count three would be illegal.

>     five-year mandatory minimum. *Id.* § 2, 124 Stat. at 2372
>     (codified at 21 U.S.C. § 841(b)(1)). "The effect of the
>     changes [in Section 2 of the Fair Sentencing Act] was to
>     reduce the sentencing disparity between crack cocaine
>     offenses and powder cocaine offenses by lowering the
>     crack-to-powder ratio from 100-to-1 to 18-to-1." *United
>     States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013).
>     Additionally, the Fair Sentencing Act eliminated the
>     mandatory minimum sentence for "simple possession" of
>     cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372
>     (codified at 21 U.S.C. § 844(a)).

*Wirsing*, 943 F.3d at 178. Thus, the 183.9 grams for which Mr. Smith was found responsible would, with the notice under 21 U.S.C. §851, subject him to a statutory range of 10 years to life, rather than 20 years to life. As a career offender, his guideline range remains the same. Nevertheless, given the option to reduce the sentence(s), while a full resentencing is not necessary, the court must analyze the normal sentencing factors:

>    In determining whether to reduce a sentence, the
> court applies the 18 U.S.C. § 3553(a) factors and post-
> conviction behavior. *See* [*United States v. Robinson*, No.
> OJM 01-0227, 2019 WL 3867042, at *5 (D. Md. Aug. 15,
> 2019)]; *see also United States v. Logan*, 2019 WL 3391618,
> at *1 (D. Md. July 26, 2019); *see also United States v.
> Turner*, No. TDC-06-0274, ECF No. 50 at 3-4 (D. Md. June
> 28, 2019).

*United States v. Mack*, No. CR PJM 09-00247, 2019 WL 7037961, at *3 (D. Md. Dec. 20, 2019).

The government is correct that Mr. Smith is not "entitled" to the benefit of other changes in sentencing jurisprudence. On the other hand, neither should the fact that his sentencing preceded such significant changes be ignored. He was sentenced when the guidelines were mandatory and they no longer are. On the other

4

hand, while *Apprendi* changed the method by which drug amounts are determined for some purposes, the determination in this case appears to have been reliable.  Despite his long and extensive criminal history, the extremely long sentence imposed in this case is currently more than necessary.  He has been incarcerated for more than two decades and has participated in programs in the Bureau of Prisons, preparing himself for eventual return to the community.  His disciplinary record, while not spotless, is not significant.  He enjoys family and community support and has a structure in place upon release.

However, the court will not reduce the sentence quite as much as requested by the defendant.  Balancing his conduct in this case and his criminal record with his progress since incarceration and family support, and in light of evolving perspectives on sentencing, a total sentence of 25 years is adequate.  The court will enter an amended judgment reflecting sentences of 240 months on counts one and three, concurrent, followed by the consecutive sentence of 60 months on count two, for a total of 300 months.  The term of supervised release on count one will be reduced to 8 years.

/s/
DEBORAH K. CHASANOW
United States District Judge
